WO                                                                                          SH

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Adam Paul Blomdahl, | No. CV 19-00227-PHX-MTL (DMF) |
| Plaintiff, | |
| v. | **ORDER** |
| Unknown Jaffe, et al., | |
| Defendants. | |

Plaintiff Adam Paul Blomdahl, who is currently confined in Arizona State Prison Complex (ASPC)-Florence, Browning Unit in Florence, Arizona, brought this civil rights case pursuant to 42 U.S.C. § 1983. (Doc. 7.) Defendants move to dismiss the action based on Plaintiff's failure to exhaust the available administrative remedy, and Plaintiff opposes the motion.[1] (Docs. 29, 31.)

**I.    Background**

Upon screening Plaintiff's First Amended Complaint under 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated a Fourteenth Amendment conditions-of-confinement claim against Maricopa County Health Services Psychiatrist Dr. Jaffe in Count Two and a Fourteenth Amendment excessive force claim against Maricopa County Sheriff's Office (MSCO) Sergeant Shamrock in Count Three. (Doc. 8.) The Court directed

---

[1] The Court provided notice to Plaintiff regarding the requirements of a response. (Doc. 30.)

Defendants Jaffe and Shamrock to answer and dismissed the remaining claims and Defendants. (*Id.*)

In Count Two, Plaintiff alleges that while he was confined at the Maricopa County Fourth Avenue Jail, Defendant Jaffe had him moved out of the jail's psychiatric unit and placed into a "flat cell" in which Plaintiff did not have a working toilet or shower and was deprived of clothing, reasonable shelter, sanitation, medical care, and safety. (Doc. 7 at 11–12.) In Count Three, Plaintiff alleges that when he refused to be moved from close custody back to general population, he was beaten and pepper sprayed by several detention officers at Defendant Shamrock's orders. (*Id.* at 19–20.)

Defendants now move to dismiss the action on the ground that Plaintiff failed to exhaust the available administrative remedy. (Doc. 29.)

**II.    Federal Rule of Civil Procedure 12(b)(6)**

A Rule 12(b)(6) motion "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In deciding a Rule 12(b)(6) motion, the court takes all allegations of material fact as true and construes them in the light most favorable to the nonmoving party. *Marcus v. Holder*, 574 F.3d 1182, 1184 (9th Cir. 2009). The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 256 (1994) (quotation omitted). Where the plaintiff is a pro se prisoner, the court must "construe the pleadings liberally and [] afford the petitioner the benefit of any doubt." *Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010).

As a general rule, when deciding a Rule 12(b)(6) motion, the court looks only to the face of the complaint and documents attached thereto. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). If a court considers evidence outside the pleading, it must convert the Rule 12(b)(6) motion into a Rule 56 motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003). A court may, however, consider documents incorporated by reference in the complaint or matters of

judicial notice without converting the motion to dismiss into a motion for summary judgment. *Id.*

**III. Exhaustion**

**A. Legal Standard**

Under the PLRA, a prisoner must exhaust "available" administrative remedies before filing an action in federal court. *See* 42 U.S.C. § 1997e(a); *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006); *Brown v. Valoff*, 422 F.3d 926, 934–35 (9th Cir. 2005). The prisoner must complete the administrative review process in accordance with the applicable rules. *See Woodford v. Ngo*, 548 U.S. 81, 92 (2006). Exhaustion is required for all suits about prison life, *Porter v. Nussle*, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, *Booth v. Churner*, 532 U.S. 731, 741 (2001).

The "failure to exhaust is an affirmative defense under the PLRA, . . . inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007). In a limited number of cases, the failure to exhaust may be clear from the face of the complaint; however, "such cases will be rare because a plaintiff is not required to say anything about exhaustion in his complaint." *Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014); *see Jones v. Bock*, 549 U.S. 199, 216 (2007) (failure to exhaust is an affirmative defense and a prisoner is not required to plead or demonstrate exhaustion in the complaint). In the rare case where failure to exhaust is clear from the face of the complaint, the defendant may move to dismiss under Rule 12(b)(6). *Albino*, 747 F.3d at 1169. To properly be considered on a Rule 12(b)(6) motion, the nonexhaustion defense must raise no disputed issues of fact. *See Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984) (affirmative defense may be raised by motion to dismiss only if "the defense raises no disputed issues of fact"). Typically, to show that a prisoner has failed to exhaust remedies, a defendant will have to present probative evidence on a motion for summary judgment under Rule 56. *Albino*, 747 F.3d at 1169.

**B.     Discussion**

Here, the Court cannot conclude from the face of the First Amended Complaint that administrative remedies were made available to Plaintiff and that he failed to exhaust those remedies. Plaintiff merely checked the boxes on the complaint form indicating that he had appealed his allegations in Counts Two and Three to the highest level. (*See* Doc. 7 at 9, 15.) In support of their Motion, Defendants have included several exhibits including a summary of the grievances Plaintiff filed while he was in MCSO custody, a copy of the MCSO Rules and Regulations for Inmates, a copy of the MCSO Inmate Grievance Procedure, and a signed declaration from MCSO Sergeant Bretado attesting to Plaintiff's grievance history. (Doc. 29-1.) Defendants argue that these exhibits show that Plaintiff did not fully exhaust his claims. But if the Court considers these documents, which are not incorporated by the First Amended Complaint, it is going beyond the face of the First Amended Complaint to determine whether Plaintiff properly exhausted his claims. This is not permitted on a Rule 12(b)(6) motion for non-exhaustion. *See Albino*, 747 F.3d at 1169. At this early stage of the litigation, the Court declines to convert Defendants' Motion to Dismiss into a summary judgment motion.

For the above reasons, the Court finds that this is not one of "those rare cases where a failure to exhaust is clear from the face of the complaint." *Id*. Accordingly, Defendants' Motion to Dismiss based on failure to exhaust will be denied. Defendants may renew their exhaustion argument in a properly supported summary judgment motion.

**IT IS ORDERED**   that the reference to the Magistrate Judge is withdrawn as to Defendants' Motion to Dismiss (Doc. 29), and the Motion is **denied**.

Dated this 24th day of March, 2020.

Michael T. Liburdi
United States District Judge