WO                                                                                              SH

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Adam Paul Blomdahl, | No.  CV 19-00227-PHX-MTL (DMF) |
| Plaintiff, | |
| v. | **ORDER** |
| Unknown Jaffe, et al., | |
| Defendants. | |

Plaintiff Adam Paul Blomdahl, who is currently confined in Arizona State Prison Complex (ASPC)-Florence, Browning Unit in Florence, Arizona, brought this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has filed the following motions: (1) Motion for Summary Judgment (Doc. 45); (2) Motion for Defendants to Respond (Doc. 51); (3) Motion to Submit Exhibits (Doc. 54); and (4) Motion to Submit Operational Journal (Doc. 55).  Also before the Court is Defendants' Motion to Strike.  (Doc. 50.)

I.      **Background**

Upon screening Plaintiff's First Amended Complaint under 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated a Fourteenth Amendment conditions-of-confinement claim against Maricopa County Health Services Psychiatrist Dr. Jaffe in Count Two and a Fourteenth Amendment excessive force claim against Maricopa County Sheriff's Office (MSCO) Sergeant Shamrock in Count Three.  (Doc. 8.)  The Court directed Defendants Jaffe and Shamrock to answer and dismissed the remaining claims and Defendants.  (*Id.*)

**II.     Plaintiff's Motion for Summary Judgment**

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  The movant bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact.  *Celotex*, 477 U.S. at 323.  Additionally, Local Rule of Civil Procedure 56.1(a) requires that:

> Any party filing a motion for summary judgment must file a statement, separate from the motion and memorandum of law, setting forth each material fact on which the party relies in support of the motion. The separate statement should include only those facts that the Court needs to decide the motion. Other undisputed facts (such as those providing background about the action or the parties) may be included in the memorandum of law, but should not be included in the separate statement of facts. Each material fact in the separate statement must be set forth in a separately numbered paragraph and must refer to a specific admissible portion of the record where the fact finds support (for example, affidavit, deposition, discovery response, etc.). **A failure to submit a separate statement of facts in this form may constitute grounds for the denial of the motion.**

(Emphasis added.)

In his Motion for Summary Judgment, Plaintiff fails to set forth or discuss the relevant legal standards for obtaining summary judgment and does not comply with the requirements of Federal Rule of Civil Procedure 56 or Local Rule of Civil Procedure 56.1 for filing summary judgment motions.  *See* Fed. R. Civ. P. 56(a) (a party moving for summary judgment must identify each claim or defense on which summary judgment is sought and show there is no genuine dispute as to any material fact); LRCiv 56.1(a) (requiring a separate statement of facts that refer to a specific admissible portion of the record where the fact finds support.  Plaintiff did not submit a separate statement of facts consisting of separately numbered paragraphs citing to specific evidence in the record that

support his claims as required by the local rules.  Plaintiff has failed to meet his initial burden at summary judgment of showing that there is no genuine dispute as to any material fact.  Accordingly, the Court will deny Plaintiff's Motion for Summary Judgment without prejudice and without requiring a response from Defendants.  *See Nissan Fire & Marine Ins. Co.*, *Ltd. v. Fritz Co.*, *Inc.*, 210 F.3d 1099, 1102-03 (9th Cir. 2000) (if the movant fails to carry its initial burden of production, the nonmovant need not produce anything).[1]

**III.     Plaintiff's Miscellaneous Motions**

In his Motion for Defendants to Respond (Doc. 51), Plaintiff moves the Court to require Defendants to respond to his Motion for Stipulation of Plaintiff's Declaratory Relief (Doc. 47).  On April 6, 2020, the Court issued an Order striking the Motion for Stipulation of Plaintiff's Declaratory Relief from the record.  (Doc. 49.)  The Court will not order Defendants to respond to a motion that has been stricken from the docket. Accordingly, Plaintiff's Motion for Defendants to Respond will be denied.

In his Motion to Submit Exhibits (Doc. 54) and Motion to Submit Operational Journal (Doc. 55), Plaintiff asks the Court to allow him to submit several hundred pages of exhibits, but the exhibits are not attached to a motion, response, reply, or any other pleading.  Plaintiff may submit exhibits to support his motions, responses, and replies in this action, but he will not be permitted to file a random assortment of exhibits that do not serve as evidence in support of a motion, response, or reply that is currently pending before the Court.  Accordingly, Plaintiff's Motion to Submit Exhibits and his Motion to Submit Operational Journal are denied without prejudice to Plaintiff submitting some or all of these exhibits as attachments to an appropriate motion, response, or reply.

**IT IS ORDERED:**

(1)     The reference to the Magistrate Judge is withdrawn as to Plaintiff's Motion for Summary Judgment (Doc. 45), Motion for Defendants to Respond (Doc. 51), Motion

---

[1] The Court will therefore deny Defendants' Motion to Strike Plaintiff's Motion for Summary Judgment as moot.  (*See* Doc. 50.)

to Submit Exhibits (Doc. 54), Motion to Submit Operational Journal (Doc. 55), and Defendants' Motion to Strike (Doc. 50).

(2)     Plaintiff's Motion for Summary Judgment (Doc. 45) is **denied without prejudice**.

(3)     Defendants' Motion to Strike (Doc. 50) is **denied as moot**.

(4)     Plaintiff's Motion for Defendants to Respond (Doc. 51) is **denied**.

(5)     Plaintiff's Motion to Submit Exhibits (Doc. 54) is **denied**.

(6)     Plaintiff's Motion to Submit Operational Journal (Doc. 55) is **denied**.

(7)     The deadline for filing dispositive motions is extended to **sixty (60) days** after the date this Order is issued.

Dated this 30th day of April, 2020.

Michael T. Liburdi
United States District Judge

- 4 -