WO                                                                                          SH

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Adam Paul Blomdahl, | No.   CV 19-00227-PHX-MTL |
| Plaintiff, | |
| v. | **ORDER** |
| Unknown Jaffe, et al., | |
| Defendants. | |

Plaintiff Adam Paul Blomdahl, who is currently confined in Arizona State Prison Complex (ASPC)-Florence, Browning Unit in Florence, Arizona, brought this civil rights action pursuant to 42 U.S.C. § 1983.[1]   Before the Court is Plaintiff's Motion for Reconsideration.  (Doc. 79.)

The Court will deny the Motion.

## I.   Background

Upon screening Plaintiff's First Amended Complaint (Doc. 7) under 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated a Fourteenth Amendment conditions-of-confinement claim against Maricopa County Health Services Psychiatrist Dr. Jaffe in Count Two and a Fourteenth Amendment excessive force claim against Maricopa County Sheriff's Office (MSCO) Sergeant Shamrock in Count Three.  (Doc. 8.)

---

[1] The events that gave rise to Plaintiff's claims in this action took place while Plaintiff was confined at the Maricopa County Fourth Avenue Jail in Phoenix, Arizona. (*See* Doc. 7 at 1.)

1    The Court directed Defendants Jaffe and Shamrock to answer and dismissed the remaining

2    claims and Defendants.  (*Id.*)

3        In Count Two, Plaintiff alleges that in October 2016, while he was confined at the

4    Maricopa County Fourth Avenue Jail, Defendant Jaffe had him moved out of the jail's

5    psychiatric unit and placed into a "flat cell" in which Plaintiff did not have a working toilet

6    or shower and was deprived of clothing, reasonable shelter, sanitation, medical care, and

7    safety. (Doc. 7 at 11–12.)  In Count Three, Plaintiff alleges that when he refused to be

8    moved from close custody back to general population in June 2017, he was beaten and

9    pepper sprayed by several detention officers at Defendant Shamrock's orders. (*Id.* at 19–

10   20.)

11       On May 7, 2020, Defendants moved for summary judgment. (Doc. 57.)  In an Order

12   issued on November 5, 2020, the Court granted summary judgment to Defendants after

13   determining that Plaintiff had failed to exhaust the available remedies for his claim against

14   Defendant Shamrock and that Plaintiff's claim against Defendant Jaffe was barred by the

15   two-year statute of limitations.  (Doc. 77.)

16   **II.    Motion for Reconsideration**

17       The Court will construe Plaintiff's Motion as a motion filed pursuant to either Rule

18   59(e) or Rule 60(b) of the Federal Rules of Civil Procedure.  *See Fuller v. M.G. Jewelry*,

19   950 F.2d 1437, 1441-42 (9th Cir. 1991) (motion to reconsider can be construed as Rule 60

20   or Rule 59 motion even when movant brought it under local rules and cited no governing

21   Federal Rule of Civil Procedure).  It is within the Court's discretion to grant or deny a

22   motion for reconsideration filed under Rule 59(e) or Rule 60(b).  *School Dist. No. 1J,*

23   *Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993).

24       Reconsideration is appropriate under Rule 59(e) "if the district court (1) is presented

25   with newly discovered evidence, (2) committed clear error or the initial decision was

26   manifestly unjust, or (3) if there is an intervening change in controlling law." *Id.* at 1263.

27   "Rule 60(b) 'provides for reconsideration only upon a showing of (1)  mistake, surprise, or

28   excusable neglect; (2) newly  discovered evidence; (3) fraud; (4) a void judgment; (5) a

1   satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify

2   relief.'" *Id.* (quoting *Fuller*, 950 F.2d at 1442).  *See also Backlund v. Barnhart*, 778 F.2d

3   1386, 1388 (9th Cir. 1985).

4        Motions for reconsideration should be granted only in rare circumstances.

5   *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995).  Such motions

6   should not be used for the purpose of asking a court "'to rethink what the court had already

7   thought through – rightly or wrongly.'" *Id.* (*quoting Above the Belt, Inc. v. Mel Bohannan*

8   *Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). Motions for reconsideration are not the

9   place for parties to make new arguments not raised in their original briefs.  *Northwest*

10  *Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925– 26 (9th Cir. 1988).  In

11  other words, a motion for reconsideration "is not another opportunity for the losing party

12  to make its strongest case, reassert arguments, or revamp previously unmeritorious

13  arguments," nor is a motion for reconsideration meant to give a party a "second bite at the

14  apple." *Jackson v. Woodford*, 05cv0513-L (NLS), 2008 WL 2115121, at *1 (S.D. Cal.

15  May 19, 2008).

16       Plaintiff devotes a significant portion of his Motion to arguing that he did not have

17  an opportunity to view a June 2017 jail video showing him being assault by several

18  detention officers, one of which may have been Defendant Shamrock.  But in its November

19  5, 2020 Order, the Court determined that Plaintiff failed to exhaust his claim against

20  Defendant Shamrock.  (*See* Doc. 77 at 8.)  The contents of the jail video are immaterial to

21  the issue of exhaustion.  Plaintiff's mere disagreement with the Court's Order is insufficient

22  to warrant reconsideration.  Plaintiff does not present the Court with any newly-discovered

23  evidence or show that the Court committed clear error in its summary judgment ruling.

24  Nor does he point to any intervening change in controlling law.  Instead, Plaintiff merely

25  summarizes the allegations in his First Amended Complaint and reiterates arguments he

26  made or could have made at the time of the summary judgment litigation.  Accordingly,

27  Plaintiff fails to show any reason why the Court should reconsider its prior Order, and the

28  Court will deny his Motion for Reconsideration.

1    **IT IS ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 79) is **denied**.

2    Dated this 19th day of November, 2020.

3

4    *Michael T. Liburdi*

5    Michael T. Liburdi
     United States District Judge
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28